UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PAUL F. SKOWRONSKI,
      Plaintiff,

     v.                                      CIVIL ACTION NO. 19-11893-PBS

SEQIRUS, INC.,
      Defendant.


REPORT AND RECOMMENDATION ON
DEFENDANT SEQIRUS, INC.'S
MOTION TO DISMISS THE COMPLAINT (#14).


KELLEY, U.S.M.J.

I. Introduction.

     This is an employment discrimination case. Paul Skowronski alleges that Seqirus, Inc. engaged in unlawful discrimination by refusing to interview/hire him because of his age, in violation of the Age Discrimination in Employment Act (ADEA), 29 USC. § 623, and Mass. Gen. L. c. 151B, § 4. Seqirus has filed a motion to dismiss for failure to state a claim (#14) which has been fully briefed. (##15, 21, 22, 25, 26.) Because Mr. Skowronski does not allege facts plausibly supporting a claim of age discrimination, I recommend that Seqirus's motion to dismiss be granted.

II. Facts.

     The facts are taken from the complaint and the attached documents. Mr. Skowronski began his career in finance in 1979. (#1-5 at 1.) He has a bachelor's degree in economics from Williams College and a master's degree in business administration from Bentley University. *Id*. Mr.

Skowronski describes himself as having "outstanding leadership, communication, analytical, and interpersonal skills." *Id.* at 74.

On April 22, 2015, Mr. Skowronski interviewed for a temporary position as a Financial Analyst (FA I) with Seqirus, a global influenza vaccine company. *Id.* at 9.[1] He was 60 years old at the time. *Id.* at 3. Omar Brahim, Jason Brown, and Ellie McQuisten conducted the interview. *Id.* at 2.[2] Mr. Brahim was the hiring manager for the FA I position. *Id.* Noticing that "Mr. Brahim seemed rather detached," at the end of the interview, Mr. Skowronski said to Ms. McQuisten, "please do everything you can to get [Mr. Brahim] to give me this job." *Id.*[3] Ms. McQuisten interpreted the comment to be sexist and unprofessional. *Id.* Mr. Skowronski was not hired for the FA I position. (#1-4 at 4.)

More than a year later, in July 2016, Seqirus posted a requisition for a different temporary role, the Senior Financial Analyst (SFA) position. (#1-5 at 4.) Seqirus hired PRO Unlimited, Inc., a third-party agency, to recruit for this position on its behalf. (#1-3 at 4.) On July 7, 2016, Mr. Skowronski submitted his application for the SFA position through his recruiter, Artech Information Systems LLC. (#1-5 at 4.) Ms. McQuisten was the hiring manager for the SFA position. *Id.* She reviewed Mr. Skowronski's application and recognized his name from the previous FA I interview. (#1-3 at 4.) In particular, she remembered the comment that Mr. Skowronski made to her at the end of the interview. *Id.* Because the SFA position required "strong

---

[1] At the time, the company was called Novartis Influenza Vaccines, which was later acquired by Seqirus. (#1-5 at 2.)

[2] Mr. Skowronski believed all of the interviewers were under the age of forty. However, Ms. McQuisten was forty-nine years old at the time of the FA I interview. (#1-5 at 3.)

[3] The exact language of the comment is unclear. Mr. Skowronski does not dispute that he made a comment. Instead, he generally states that he requested Ms. McQuisten to provide Mr. Brahim with "positive feedback" on his behalf. (#1-5 at 2.)

interpersonal skills and keen business judgment," Ms. McQuisten determined that Mr. Skowronski was not suited for the SFA position and rejected his application based on his conduct during the previous interview. *Id.*

That same day, July 7, 2016, PRO Unlimited informed Artech that Ms. McQuisten had previously interviewed Mr. Skowronski for a similar position and determined he was "not suitable" for the SFA position. (#1-5 at 54.) After being informed by Artech that he would not be interviewed for the role, Mr. Skowronski sent a message directly to Ms. McQuisten via LinkedIn, stating in part:

> [T]he first recruiter e-mailed me stating that he received feedback that I had already interviewed for a similar role on a previous occasion, and that the company was looking for something else, so my experience would not be suitable. . . . To be honest, I was quite shocked by this recruiter's email. My background is actually an excellent fit for this position. . . . Therefore, I conclude that some other concerns were raised in my previous interview and would be happy to have the opportunity to address them. . . . I hope you will reconsider my application for this position.

*Id.* at 57. Ms. McQuisten did not respond. *Id.* at 25. On July 25, 2016, Mr. Skowronski sent Ms. McQuisten a second message:

> Dear [Ms. McQuisten], Since my last [message] to you, I have been contacted by multiple recruiters regarding this role, as recently as last Friday. Obviously, my resume and LinkedIn profile resonate with them as a match with the position description. . . . Given my many years of very relevant experience, your dismissal of my candidacy seems incongruous, although I have my theories as to your rationale. At this point, I request a written response from your corporate counsel. . . . Please be assured, you will no further receive [messages] from me regarding this matter.

*Id.* at 57. Ms. McQuisten did not reply to the second message, either. *Id.* at 25.

After being informed about the unsolicited communications, Artech advised Mr. Skowronski that sending messages to Ms. McQuisten "was extremely unprofessional and demanding a letter from Seqirus legal was far exceeding appropriate boundaries." (#1-4 at 25.) Artech requested Mr. Skowronski "to cease any and all communications immediately." *Id.*

On August 17, 2016, Mr. Skowronski filed an age discrimination charge against Seqirus with the Massachusetts Commission Against Discrimination (MCAD). *Id.* at 31. On October 21, 2018, following an investigation, the MCAD concluded there was insufficient evidence that Mr. Skowronski's age played a factor in Seqirus's decision not to interview him for the SFA position. (#1-3 at 5-6.) The MCAD report stated in part: "[Skowronski] appears to have met the qualifications for the position in question. However, [Seqirus] demonstrated with sufficient evidence that it was [Skowronski's] conduct after he was not hired for the [FA I] position in 2015, which was the deciding factor for not selecting him to be interviewed for the [SFA] position." *Id.* at 5.

On November 2, 2018, Mr. Skowronski appealed the MCAD's decision. (#1-4 at 2.) On March 5, 2019, the MCAD held a preliminary hearing for the appeal. *Id.* at 1. On April 22, 2019, the MCAD affirmed its decision. *Id.* On May 7, 2019, Mr. Skowronski wrote a letter to the U.S. Equal Employment Opportunity Commission (EEOC), hoping to have his complaint reconsidered. (#1-3 at 7.) On June 7, 2019, the EEOC issued Mr. Skowronski a "right-to-sue" letter and dismissed his complaint after adopting the MCAD's findings. (#1-2 at 1.) On September 5, 2019, Mr. Skowronski filed this lawsuit. (#1.)

### III. Legal Standard.

A Rule 12(b)(6) motion to dismiss challenges a party's complaint for failing to state a claim.  In deciding such a motion, a court must "treat all well-pleaded facts in the complaint as true and draw all reasonable inferences in favor of the plaintiff." *In re Fin. Oversight & Mgmt. Bd. for P.R.*, 919 F.3d 121, 127 (1st Cir. 2019) (citing *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 7 (1st Cir. 2011)).  When considering a motion to dismiss, a court "may augment these facts and inferences with data points gleaned from documents incorporated by reference into the complaint,

matters of public record, and facts susceptible to judicial notice." *AG ex rel. Maddox v. Elsevier, Inc.*, 732 F.3d 77, 80 (1st Cir. 2013) (citing *Haley v. City of Bos.*, 657 F.3d 39, 46 (1st Cir. 2011)).

In order to survive a motion to dismiss under Rule 12(b)(6), the plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 US 544, 570 (2007).  The "obligation to provide the grounds of [the plaintiff's] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (quotation marks and alteration omitted).  The "[f]actual allegations must be enough to raise a right to relief above the speculative level," and to cross the "line from conceivable to plausible." *Id.* at 555, 570.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 US 662, 678 (2009) (citing *Twombly*, 550 US at 556).  However, the Court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* at 678 (quoting *Twombly*, 550 US at 555). Simply put, the court should assume that well-pleaded facts are genuine and then determine whether such facts state a plausible claim for relief. *Id.* at 679.

A plaintiff's pro se status "militates in favor of a liberal reading" of a complaint, *Rodi v. S. New Eng. Sch. of Law*, 389 F.3d 5, 13 (1st Cir. 2004), and "courts [should] endeavor, within reasonable limits, to guard against the loss of pro se claims due to technical defects." *Boivin v. Black*, 225 F.3d 36, 43 (1st Cir. 2000). "While the court is mindful that it must construe pro se complaints liberally, … even pro se litigants are bound by the Federal Rules of Civil Procedure[.]" *Janosky v. Massachusetts P'ship for Corr. Healthcare*, No. 15-CV-12929-IT, 2017 WL 1164490, at *1 (D. Mass. Mar. 28, 2017) (citing *Foley v. Wells Fargo Bank, N.A.*, 772 F.3d 63, 75-76 (1st Cir. 2014) and *F.D.I.C. v. Anchor Props.*, 13 F.3d 27, 31 (1st Cir. 1994)).

IV. <u>Discussion</u>.

The ADEA provides, in relevant part, that "[i]t shall be unlawful for an employer . . . to fail or refuse to hire . . . any individual . . . because of such individual's age[.]" 29 USC. § 623(a)(1).[4] "The standards applied for age discrimination claims under federal law and Massachusetts state law are so similar that those claims can be analyzed together." *Connolly v. Shaw's Supermarkets, Inc.*, 355 F. Supp.3d 9, 15 (D. Mass. 2018). To establish a prima facie case of age discrimination, a plaintiff must show that: "(1) [he is] a member of a protected class; (2) [he is] qualified for [his] job; (3) [he] suffer[ed] an adverse employment action at the hands of [his] employer; and (4) [there is] some evidence of a causal connection between [his] membership in a protected class and the adverse employment action." *Higgins v. State St. Corp.*, 323 F. Supp.3d 203, 206 (D. Mass. 2018) (quoting *Garmon v. Nat'l RR Passenger Corp.*, 844 F.3d 307, 313 (1st Cir. 2016)). A "plaintiff is not required to plead facts sufficient to establish a prima facie case" in order to survive a motion to dismiss. *Evans v. Staples, Inc.*, 375 F. Supp.3d 117, 123 (D. Mass. 2019) (citing *Rodriguez-Reyes v. Molina-Rodriguez*, 711 F.3d 49, 54 (1st Cir. 2013)). However, the plaintiff must still "plead enough facts to make entitlement to relief plausible." *Higgins*, 323 F. Supp.3d at 206. "Put simply, the complaint has to allege a plausible basis for a claim of *discrimination*, not just unfair treatment." *Alicea v. N. Am. Cent. Sch. Bus, LLC*, 232 F. Supp.3d 213, 215 (D. Mass. 2017) (emphasis in original).

Accepting Mr. Skowronski's allegations as true, he has asserted that: (1) he was a member of a protected class (as he was over the age of forty at the time he applied for the job); (2) he was

---

[4] The ADEA generally prohibits an employer from discriminating against an employee over the age of forty. 29 U.S.C. §§ 623(a)(1), 631(a).

qualified for the SFA position[5] (based on his credentials and experience); and (3) he suffered an adverse employment action (because he was not interviewed/hired). However, Mr. Skowronski has not alleged any facts demonstrating a causal connection between his failure to obtain an interview and his age.

Both Mr. Skowronski's Title VII and chapter 151B claims fail. Although Mr. Skowronski need not provide evidence at the motion to dismiss stage, "the facts as alleged must plausibly claim that age was the but-for cause" of Seqirus's decision not to interview him. *Golub v. NE. U.*, 19-CV-10478-ADB, 2019 WL 6115210, at *4 (D. Mass. Nov. 18, 2019); *see Higgins*, 323 F. Supp.3d at 206; *Gross v. FBL Fin. Servs., Inc.*, 557 US 167, 177 (2009) (explaining that plaintiffs must "establish that age was the 'but-for' cause of the employer's adverse action"). Mr. Skowronski speculates that Seqirus hired a younger person to fill the SFA position. (#1-3 at 3 ("It is [Mr. Skowronski's] belief that most of [Seqirus's] employees are under the age of forty.").) But without more, the denial of his application alone does not provide the causative connection necessary to state a plausible claim for relief.

Mr. Skowronski does not allege that anyone at Seqirus said or did anything that would indicate he was not interviewed because of his age. *See Higgins*, 323 F. Supp.3d at 203 (granting motion to dismiss as 63-year-old job applicant did not allege that any of employer's employees or agents "said or did anything to indicate that it discriminated against him based on age"). Similarly, Mr. Skowronski does not allege any facts from which it could be inferred that age was a motivating

---

[5]"Under both Title VII and chapter 151B, a plaintiff must file an administrative complaint with the MCAD or the EEOC within 300 days of the date of the occurrence of the alleged unlawful employment practice. *See* 42 U.S.C. § 2000e–5(e)(1); Mass. Gen. Laws c. 151B, § 5; *Tuli v. Brigham & Women's Hosp.*, 656 F.3d 33, 40 (1st Cir.2011)." *Goldstein v. Brigham & Women's Faulkner Hosp., Inc.*, 80 F. Supp.3d 317, 323 (D. Mass. 2015) (footnote omitted). Mr. Skowronski filed his complaint with the MCAD on August 17, 2016. Only a claim regarding Seqirus's rejection of Mr. Skowronski's application for the SFA position in 2016 was timely filed. (#1-3 at 5.) Events occurring prior to October 22, 2013, are not actionable, but are relevant as background information.

factor for Seqirus's decision not to interview him. *See Kentucky Ret. Sys. v. EEOC*, 554 US 135, 141-42 (2008) (noting a plaintiff who claims age discrimination must demonstrate that age actually motivated the employer's decision and had a determinative influence on the outcome).

At no point did Mr. Skowronski disclose his age to anyone at Seqirus, nor does he allege that Seqirus ever requested such information from him. (#1-4 at 4.)[6] Instead, Mr. Skowronski alleges that Seqirus could have determined his age based on his appearance or by searching the internet.[7] The "plausibility" pleading standard requires more than the "sheer possibility that a defendant acted unlawfully." *Iqbal*, 556 US at 678. It is not enough to assert "naked assertion[s]" devoid of any "further factual enhancement." *Id.* (quoting *Twombly*, 550 US at 557). "The mere fact that an older employee was not hired does not trigger a right to 'conduct discovery in hopes that evidence of a discriminatory motive may turn up.'" *Higgins*, 323 F. Supp.3d at 207 (quoting *Alicea*, 232 F. Supp.3d at 215).

Not only has Mr. Skowronski failed to allege any facts supporting a causal connection between his age and Seqirus's decision not to interview him, he suggests a nondiscriminatory motive for being rejected for the SFA position:

> Given that lack of professionalism is not a credible reason for rejecting my application for the [SFA] position in 2016, I believe I can offer a more plausible explanation, which would speak more to Ms. McQuisten's personal interests rather than the business interests of Seqirus in employing the most suitable candidates. Seqirus is Ms. McQuisten's first and only employer since arriving in the US in 2014, and Mr. Brahim was her hiring manager. . . . Mr. Brahim's departure in April 2016 provided Ms. McQuisten with a very important reference should she ever seek employment outside Seqirus. . . If Mr. Brahim played a major role in my rejection

---

[6] "To the point that I did not disclose my age to Seqirus, I concur. . . . [but] people naturally make visual approximations." (#1-5 at 3.)

[7] "[In]quiries I made on peoplelooker.com" display my "age of 60. . . . This information is free-of-charge, and moreover, there are other websites, such as instantcheckmate.com that also freely provide this information. I merely point this out to illustrate this information is easily available, not that Ms. McQuisten or anyone else at Seqirus . . . accessed this information."  (#1-5 at 3–4.)

> for the [FA] position . . . and given Ms. McQuisten's probable dependence on maintaining a strong relationship with him, I understand her discomfort at considering me for the [SFA] role. . . .

(#22 at 5–6.) This alleged motive by Ms. McQuisten, i.e., to keep in Mr. Brahim's good graces, is unrelated to age discrimination. *See Evans*, 375 F. Supp.3d at 124 (internal quotation marks and citation omitted) ("[P]laintiff must allege a series of facts which at the very least gives rise to an inference of discriminatory animus.").

The complaint incorporates no "plausible, factual, non-conclusory allegations" demonstrating a causal connection between Mr. Skowronski's age and Seqirus's decision not to interview him. *Alicea*, 232 F. Supp.3d at 216. "We understand the plaintiff's frustration at being denied an opportunity to prove [himself] in the workplace—but the body of federal law that protects a job applicant against … discrimination in employment does not inoculate [him] against an employer's honest exercise of its business judgment—whether or not that judgment is mistaken." *Hawkins v. Mary Hitchcock Mem'l Hosp.*, 22 F. App'x 21, 23 (1st Cir. 2001). Mr. Skowronski's claim of age discrimination should be dismissed.

## V. <u>Recommendation</u>.

For the reasons stated, I RECOMMEND that Defendant Seqirus, Inc.'s Motion to Dismiss the Complaint (#14) be GRANTED.

## VI. <u>Review by District Judge</u>.

The parties are hereby advised that any party who objects to this recommendation must file a specific written objection thereto with the Clerk of this Court within 14 days of service of this Report and Recommendation. The written objections must specifically identify the portion of the recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly

indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *US v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *US v. Vega*, 678 F.2d 376, 378–79 (1st Cir. 1982); *Park Manor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 US 140 (1985).

March 17, 2020                                                          /s/ M. Page Kelley
                                                                       M. Page Kelley
                                                                       United States Magistrate Judge