UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                              )
PAUL F. SKOWRONSKI,           )
              Plaintiff,      )
                              )
     v.                       )    Civil Action
                              )    No. 19-11893-PBS
SEQIRUS, INC.,                )
                              )
              Defendant.      )
_____)
```

**MEMORANDUM AND ORDER**

June 18, 2020

This is an age discrimination suit brought by Plaintiff Paul Skowronski against Defendant Seqirus, Inc. Skowronski alleges that Seqirus engaged in unlawful discrimination by refusing to interview or hire him because of his age. Skowronski brings claims under the federal Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., and the Massachusetts Fair Employment Practices Act ("FEPA"), Mass. Gen. Laws ch. 151B, § 4.

Now, Seqirus has filed a motion to dismiss for failure to state a claim (Dkt. No. 14). The magistrate judge assigned to this case recommended the motion be allowed (Dkt. No. 28). Plaintiff subsequently filed an objection (Dkt. No. 30). After reviewing the record, including the Report and Recommendations and the objection, the Court **DENIES** the motion to dismiss.

1

**STANDARD OF REVIEW**

A Rule 12(b)(6) motion is used to dismiss complaints that do not "state a claim upon which relief can be granted." See Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, the factual allegations in a complaint must "possess enough heft" to state a claim to relief that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In evaluating the motion, the Court must accept the factual allegations in the plaintiff's complaint as true, construe reasonable inferences in his favor, and "determine whether the factual allegations in the plaintiff's complaint set forth a plausible claim upon which relief may be granted." Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 71 (1st Cir. 2014) (citation omitted).

In evaluating a motion to dismiss, a court may "augment . . . well pleaded facts set forth in the complaint . . . with data points gleaned from documents incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice." Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011) (citation and internal quotation marks omitted).

A plaintiff's pro se status "militates in favor of a liberal reading" of a complaint. Rodi v. S. New Eng. Sch. Of Law, 389 F.3d 5, 13 (1st Cir. 2004).

**LEGAL STANDARD**

The ADEA makes it unlawful for an employer to refuse to hire, discharge, or "otherwise discriminate" against any individual "because of such individual's age." 29 U.S.C. § 623(a)(1). The statute "reflects a societal condemnation of invidious bias in employment decisions." McKennon v. Nashville Banner Publ'g Co., 513 U.S. 352, 357 (1995).

Where no direct evidence of age discrimination is available, single-plaintiff ADEA and Chapter 151B claims are analyzed under the McDonnell Douglas burden shifting framework. See Goldman v. First Nat'l Bank of Bos., 985 F.2d 1113, 1117 (1st Cir. 1993) (applying McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973)).[1]

At the first step of the McDonnell Douglas framework, the plaintiff must make out a prima facie case of age discrimination. Del Valle-Santana v. Servicios Legales De P.R., Inc., 804 F.3d 127, 129-30 (1st Cir. 2015). In a failure to hire case, the plaintiff must show that (1) he was at least 40 years old, (2) he applied for and was qualified for the position in question, (3) despite his qualifications, he was rejected, and

---

[1] The ADEA and Chapter 151B analyses are "substantially similar." Adamson v. Walgreens Co., 750 F.3d 73, 83 (1st Cir. 2014); see also Woodward v. Emulex Corp., 714 F.3d 632, 637-38 (1st Cir. 2013) ("Massachusetts has adopted the Supreme Court's approach to employment discrimination." (citing Sullivan v. Liberty Mut. Ins. Co., 825 N.E.2d 522, 530 (Mass. 2005)).

(4) after rejection, the position remained open and the employer continued to seek applicants from persons of the plaintiff's qualifications. See 29 U.S.C. § 631(a); Sack v. Bentsen, 51 F.3d 264, 1995 WL 153645, at *3 (1st Cir. 1995). The plaintiff's burden is "not onerous." Cruz-Ramos v. P.R. Sun Oil Co., 202 F.3d 381, 384 (1st Cir. 2000). The plaintiff's prima facie showing creates a rebuttable presumption of discrimination. Del Valle-Santana, 804 F.3d at 130.

At the second step, "the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason" for the adverse action. Id. The burden is of "production as opposed to persuasion." Lewis v. City of Boston, 321 F.3d 207, 214 (1st Cir. 2003).

Finally, at the third step under the ADEA, the plaintiff must demonstrate "that it was more likely than not that the articulated reason was pretext for actual discrimination." Woodward, 714 F.3d at 638 (quoting Matthews v. Ocean Spray Cranberries, Inc., 686 N.E.2d 1303, 1309 (Mass. 1997)); see also Del Valle-Santana, 804 F.3d at 129-30 (explaining that plaintiff must show "that age was the but-for cause of the employer's adverse action" (citation omitted)).

At the motion to dismiss stage, "[i]t is not necessary to plead facts sufficient to establish a prima facie case." Rodriguez-Reyes v. Molina-Rodriguez, 711 F.3d 49, 54 (1st Cir.

2013). "Although a plaintiff must plead enough facts to make entitlement to relief plausible in light of the evidentiary standard that will pertain at trial — in a discrimination case, the prima facie standard – [he] need not plead facts sufficient to establish a prima facie case." Id.

## ANALYSIS

The Court assumes familiarity with the facts, which are detailed in the Report and Recommendations.

Here, Plaintiff has plausibly alleged an age discrimination claim. He has adequately pled a prima facie case under the McDonnell Douglas framework. First, Plaintiff was over forty years of age when he applied for the Senior Financial Analyst ("SFA") position in 2016. Second, Plaintiff has sufficiently alleged that he was qualified for the position in question. Compare Dkt. No. 1-4 at 23 (SFA job posting), with Dkt. No. 1-5 at 1-2 (describing Plaintiff's qualifications). Third, Plaintiff was rejected from the SFA position. Fourth, after rejecting Plaintiff, Seqirus continued to seek applicants from persons of the Plaintiff's qualifications and eventually hired an individual outside of the protected class. See Dkt. No. 1-5 at 59-68 (recruiter emails to Plaintiff advertising the SFA position after his 2016 interview); Dkt. No. 1-5 at 6 (alleging that Seqirus hired a 33-year-old interviewee to fill the SFA position).

Seqirus has "articulate[d] a legitimate, nondiscriminatory reason" for choosing not to hire the Plaintiff. Del Valle-Santana, 804 F.2d at 130. Specifically, Seqirus contends that, during a 2015 interview for a separate position, Plaintiff asked McQuisten to "please do everything you can to get [the hiring manager] to give me this job." Dkt. No. 1-4 at 4. Sequirus claims McQuisten found this statement to be "completely unprofessional," and consequently rejected Plaintiff's 2016 application for the SFA position. Id.

Plaintiff challenges this account as false and pretextual. He alleges that at most, he "mentioned that [he] hoped [McQuisten] would be able to provide [other members of the hiring committee] with positive feedback." Dkt. No. 1-5 at 2. Plaintiff alleges that he was instead rejected because of his age. See id. at 3 ("[I]t's quite clear that I am much older . . . people naturally make visual approximations."); see also id. at 6 (arguing that Defendant's justification "is simply not credible"). Taking the Plaintiff's non-conclusory factual allegations as true, Plaintiff has adequately pled that Defendant's justification is pretextual. See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 147 (2000)("In appropriate circumstances, the trier of fact can reasonably infer from the falsity of the explanation that the employer is dissembling to cover up a discriminatory purpose."); Santiago-Ramos v.

6

Centennial P.R. Wireless Corp., 217 F.3d 46, 56 (explaining that a plaintiff can establish pretext by showing "weaknesses . . . in the employer's proffered legitimate reasons." (citation omitted)).

In Higgins v. State Street Corp., the Court concluded that the plaintiff failed to state a plausible claim for relief because he did not "demonstrat[e] a causal connection between his age and [the defendant's] decision not to interview him." 323 F. Supp. 3d 203, 206 (D. Mass. 2018). Unlike Higgins, however, here the Plaintiff has plausibly alleged that the Defendant hired a younger person with equal or lesser qualifications to fill the position from which Plaintiff was rejected. Id. This is sufficient to withstand a motion to dismiss.

## ORDER

Seqirus's motion to dismiss (Dkt. No. 14) is **DENIED**.

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge